UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES A. BATTLE, JR.,

                            Plaintiff,

     v.

ELDON VAIL, EARL X. WRIGHT,
DAWN THOMPSON, MAGGIE
MILLER-STOUT, JANE DOE (CINDY,
INMATE BANKING), BARBARA
PARRY, CHARLES MALONE, and
HENRY BROWN,

                        Defendants.

No. C10-5205 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted for:  September 24, 2010**

Presently before the court is the motion to dismiss of Defendants Eldon Vail, Earl X. Wright, Dawn Thompson, Maggie Miller-Stout, Jane Doe, Barbara Parry, Charles Malone, and Henry Brown.  Dkt. 16.  Defendants argue that Plaintiff's Complaint must be dismissed because Plaintiff has failed to state a claim for which relief may be granted and because Defendants are entitled to qualified immunity.  *Id.*  Plaintiff James A. Battle has filed a response.  Dkt. 17. Defendants filed a reply.  Dkt. 19.

Having reviewed the parties' papers and balance of the record, the court recommends that the motion to dismiss be granted.

## BACKGROUND

Mr. Battle is a Washington State inmate who has filed a 42 U.S.C. § 1983 civil rights action alleging that Defendants violated his rights by deducting more than 20% of the deposits in

REPORT AND RECOMMENDATION - 1

his prison account each month to pay filing fees that he owes to various federal courts, including this court.  Mr. Battle was granted leave to proceed *in forma pauperis* in this case on May 4, 2010.  Dkt. 6.   Mr. Battle asserts that the simultaneous (rather than the sequential) deduction of filing fees from his prison account violates 28 U.S.C. § 1915, DOC policy, and constitutes fraud and misappropriation of his funds.  Dkt. 7.  He also alleges that by "misapplying the plain language" of § 1915, Defendants are violating RCW 72.09.111, the state law governing deductions from inmate wages, and are depriving him of equal protection and due process.  Mr. Battle does not allege, however, how he is being treated differently from other inmates or how he has been denied due process relating to deductions from or in the handling of his prison account.

The Defendants in this matter are Washington DOC Secretary Eldon Vail and various other DOC officials who either personally denied Plaintiff's prison grievance and/or his state tort claim, or allowed DOC staff to deny his prison grievance and tort claim.  In his prison grievances, Mr. Battle claimed that $500.00 was wrongfully taken from his prison account to pay federal court filing fees.  However, in his complaint he requests "$100,000.00 for compensatory, nominal, and punitive damages."  Dkt. 7, p. 9.  He also seeks an injunction requiring DOC to comply with the federal statute pertaining to the collection of federal court filing fees.

**STANDARD OF REVIEW**

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b) (6), a court may grant a dismissal for failure to state a claim "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

REPORT AND RECOMMENDATION - 2

under a cognizable theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969), *reh'g denied*, 396 U.S. 869 (1969); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). When a plaintiff is proceeding pro se, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). While the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A motion to dismiss only admits, for the purposes of the motion, all well pleaded facts in the complaint, as distinguished from conclusory allegations. *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

In addition, the Prison Litigation Reform Act, 42 U.S.C. § 1997e(c)(1) (PLRA), requires that a court shall dismiss any action if it is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

## DISCUSSION

A.   **28 U.S.C. § 1915**

Although Plaintiff's claims take various forms, such as "conspiracy," "fraud," "misappropriation of funds," and violation of DOC regulation and state law, the gravamen of his complaint is that Defendants have collected in excess of 20% of his monthly income for the

REPORT AND RECOMMENDATION - 3

payment of his federal court filing fees.  The collection of federal court filing fees from prisoner

accounts is governed by 28 U.S.C. § 1915:

> Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.  The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—

> **(A)**  the average monthly deposits to the prisoner's account; or

> **(B)**  the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(2) provides:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

The issue of whether a prisoner's fees should be deducted sequentially, case-by-case, rather than simultaneously for his outstanding obligations in all of his cases (as the DOC has with Mr. Battle's account), has not been addressed by the Ninth Circuit.  However, two district court cases within the Ninth Circuit and the majority of the federal circuit Courts of Appeals that have addressed the issue, have held that 28 U.S.C. § 1915(b)(2) allows prison officials to collect multiple filing debts from prisoners' income each month.  *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997), overruled on other grounds by *Lee v. Clinton,* 209 F.3d 1025 (7th Cir. 2000); *Lefkowitz v. Citi-Equity Group, Inc.*, 146 F.3d 609 (8th Cir. 1998); *Atchison v. Collins*, 288 F.3d 177, 180 (5th Cir. 2002); *Samonte v. Frank*, 517 F. Supp.2d 1238 (D. Hawaii 2007); *Hendon v. Ramsey*, 478 F. Supp.2d 1214 (S.D. CA 2007).   These courts have held that § 1915(b)(2) requires that filing fees be collected simultaneously, meaning that an inmate with multiple filing

REPORT AND RECOMMENDATION - 4

fees must pay 20 percent of his monthly income for each fee incurred.  *See Atchison,* 288 F.3d at 181; *Lefkowitz,* 146 F.3d at 612; *Newlin*, 123 F.3d at 436.  Thus, an inmate filing five cases, for instance, would be assessed 100% of his monthly income.  *Hendon,* 478 F.Supp.2d at 1271.

The Second Circuit is the only circuit Court of Appeal to find that the filing fees should be collected sequentially (and satisfied in the order incurred), meaning that an indigent prisoner can be assessed no more than 20 percent of his monthly income, regardless of the number of cases filed.  *Whitefield v. Scully,* 241 F.3d 264, 277 (2d Cir. 2001).  In reaching its conclusion, the Second Circuit was concerned that the "simultaneous collection of multiple encumbrances could potentially expose 100 percent of a prisoner's income to recoupment" and that such a result could "pose a serious constitutional quandary as to whether an unreasonable burden has been placed on the prisoner's right of meaningful access to the courts." *Id.* at 277.

In reaching the opposite conclusion, the Fifth, Seventh and Eighth Circuits and the District Courts within the Ninth Circuit, reasoned that the PLRA fee provisions were designed to require prisoners to bear financial responsibility for each action they take.  To do otherwise would allow prisoners to postpone payment of fees for multiple suits indefinitely or completely, thus undermining the purpose of § 1915.  *See, e.g., Newlin*, 123 F.3d at 436; *Lefkowitz*, 146 F.3d at 612).  In addition, to read the statute consistently, the twenty percent monthly payments required by § 1915(b)(2)  must be applied *in each case* in order to correspond with the partial filing fee required *in each case* by § 1915(b)(1).  *Atchison,* 288 F.3d at 180-81 [emphasis added]. The Fifth Circuit noted that to read the statute otherwise would create "absurd results," because if a prisoner filed suits in multiple district courts, it is unclear which district would be permitted to collect the 20 percent monthly payment.  *Id.*  The Fifth Circuit also found that no "serious constitutional questions [are] raised" by a per case collection of fees owed pursuant to § 1915(b)

REPORT AND RECOMMENDATION - 5

because "indigent persons have no constitutional right to proceed *in forma pauperis*" and "states are constitutionally bound to provide [prisoners] with the necessities of life." *Id.*

The undersigned finds the reasoning of the majority rule discussed above persuasive. Accordingly, Mr. Battle has failed to state a constitutional violation based on the manner in which the DOC is making deductions from his prison account to pay the federal court filing fees he owes.

**B.    Qualified Immunity**

Defendants contend that they are entitled to qualified immunity as to Mr. Battle's constitutional claims.  "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'"  *Saucier v. Katz*, 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). The court evaluates a defendant's qualified immunity defense using a two-step inquiry.  *Id.* However, the Supreme Court recently held that this two-step inquiry is no longer an inflexible requirement.  *Pearson v. Callahan*, ---U.S. ---, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009) (explaining "that, while the sequence set forth [in *Saucier*] is often appropriate, it should no longer be regarded as mandatory").  It is within our "sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Id.*

Under *Saucier's* first prong, the court must determine whether, viewing the facts in the light most favorable to the plaintiff, the government employees violated the plaintiff's constitutional rights.  *Saucier*, 533 U.S. at 201, 121 S.Ct. 2151.  If the court determines that a constitutional violation has occurred, under *Saucier's* second prong, it must determine whether the rights were clearly established at the time of the violation.  *Id.*  For a right to be clearly

REPORT AND RECOMMENDATION - 6

established, its contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates the right." *Id*. at 202, 121 S.Ct. 2151 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).  The protection afforded by qualified immunity "safeguards 'all but the plainly incompetent or those who knowingly violate the law.'"  *Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist.*, 149 F.3d 971, 977 (9th Cir.1998) (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)).

The court has concluded that Defendants did not violate Mr. Battle's constitutional rights. Therefore, it is not necessary to address Defendants' qualified immunity arguments.

## CONCLUSION

For the reasons stated above, the undersigned recommends that the motion to dismiss (Dkt. 16) be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn,* 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 24, 2010,** as noted in the caption.

DATED this  30th  day of August, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7